UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **ALVIN KIE, ET AL.** | **CIVIL ACTION NO. 3:15CV1811** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **TORY WILLIAMS, ET AL.** | **MAGISTRATE JUDGE HAYES** |

### MEMORANDUM RULING

Before the undersigned Magistrate Judge, on reference from the District Court, is a Motion to Remand, [doc. # 8], filed by Plaintiffs Alvin Kie and Pecola Kie.[1] Defendant Werner Enterprises, Inc. opposes the Motion.[2] [doc. # 10]. For reasons stated below, the Motion is **GRANTED**.

### Background

On May 11, 2015, Plaintiffs, husband and wife, filed suit against Tory Williams, Tommie Morgan, and Werner Enterprises, Inc. in the Fifth Judicial District Court, Parish of Richland. [doc. # 1-7]. According to Plaintiffs, on June 4, 2014, Tory Williams, while driving a 2012 Freightliner tractor trailer owned by Defendant Werner Enterprises, Inc., negligently changed lanes and collided with Plaintiff Alvin Kie's vehicle. *Id.*

Plaintiffs claim that, as a result of the collision, Alvin Kie sustained unspecified injuries to his back, neck, shoulders, head, hips, legs, arms, thighs, fingers, hands, ankles, and emotions.

---

[1] As this is not a motion excepted in 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this Ruling is issued under the authority thereof, and in accordance with the standing order of this Court. Any appeal must be made to the district judge in accordance with Rule 72(a) and L.R. 74.1(W).

[2] Defendant Werner Enterprises, Inc. maintains, in its Notice of Removal, that Plaintiffs have yet to properly serve two individuals, Tory Williams and Tommie Morgan, that they named as defendants in their Petition. [doc. # 1, p. 2].

*Id.* They further claim that, as a result of these injuries, Alvin experiences headaches, forgetfulness, and dizziness, he is no longer able to enjoy life, he is inconvenienced and embarrassed, he suffers from pain, mental anguish, and emotional distress, he incurred unspecified medical expenses, property damage, and non-economic damages, he has lost earnings, the capacity to earn, and vacation time, and he is disabled. *Id.* at 2-3.  Both plaintiffs bring claims for loss of consortium and damage to community property, and both seek all the relief to which they are entitled. *Id.* at 3, 5.

On June 5, 2015, Defendant removed the matter on the basis of diversity jurisdiction. [doc. # 1].  On June 18, 2015, Plaintiffs filed the instant Motion to Remand on the basis that the amount in controversy does not exceed $75,000.  [doc. # 8].  Defendant filed its opposition on July 10, 2015.  [doc. # 10].  The matter is now before the Court.

## Law and Analysis

Federal courts are courts of limited jurisdiction. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).  A suit is presumed to lie outside this limited jurisdiction unless and until the party invoking federal jurisdiction establishes otherwise. *Id*.  Federal law authorizes the removal to federal court of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction . . . ." 28 U.S.C. § 1441(a).

In this case, Defendant invokes the Court's jurisdiction via diversity, which requires complete diversity of citizenship between the adverse parties and an amount in controversy greater than $75,000.  28 U.S.C. § 1332(a).  Plaintiffs do not contest that the parties are diverse; rather, as mentioned, they dispute Defendant's assertion that the amount in controversy exceeds the jurisdictional minimum.

Pursuant to the Federal Courts Jurisdiction and Venue Clarification Act of 2011, the removal statute now specifies:

> If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except that--
>
> **(A)** the notice of removal may assert the amount in controversy if the initial pleading seeks–
>
> **(i)** nonmonetary relief; or
>
> **(ii)** a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded . . . .

28 U.S.C. § 1446(c)(2)(A). When, as permitted above, the amount in controversy is derived from the notice of removal, the removing defendant must demonstrate by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum. *Id.* § (c)(2)(B); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995) (removing party bears the burden of establishing federal jurisdiction).[3] Removal cannot be supported by conclusory allegations, *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 n.7 (5th Cir. 1999), and "[a]ny ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." *Manguno v. Prudential Prop. and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

To satisfy the preponderance standard, the removing defendant may either establish that federal jurisdiction is "facially apparent" or demonstrate through "summary judgment-type" evidence that the amount in controversy exceeds $75,000. *St. Paul Reinsurance Co. v.*

---

[3] When resolving a motion to remand, it is axiomatic that courts look at jurisdictional facts as they existed when the case was removed. *Asociacion Nacional de Pescadores v. Dow Quimica*, 988 F.2d 559, 565 (5th Cir. 1993), *abrogated on other grounds by Marathon Oil Co. v. A.G. Ruhrgas*, 145 F.3d 211 (5th Cir. 1998) (*"ANPAC"*).

*Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). Courts may consider evidence submitted after removal as long as the amount in controversy at the time of removal was ambiguous and the evidence relates to the amount in controversy at the time of removal. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000); *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). If the defendant establishes by a preponderance of the evidence that the amount in controversy is greater than the jurisdictional amount, remand is proper only if the plaintiffs then "demonstrate to a legal certainty that they can not recover more than the jurisdictional amount." *In re 1994 Exxon Chem. Fire*, 558 F.3d 378, 388 (5th Cir. 2009).

      Here, Defendant fails to demonstrate by a preponderance of the evidence that the amount in controversy exceeded $75,000 at the time of removal. First, it is not facially apparent that Plaintiffs' claims exceed the jurisdictional minimum. Consistent with Louisiana law prohibiting plaintiffs from pleading specific amounts of monetary damages,[4] Plaintiffs' Petition does not set forth damages with any specificity. [doc. # 1-2]. Instead, Plaintiffs vaguely present a host of imprecise injuries and categorical damage claims. *Id.* The Court is unable to determine, from these indeterminate allegations, the nature, extent, or duration of Plaintiffs' alleged injuries. The allegations are, in other words, of little use to the Court in ascertaining the amount in controversy.[5] *See, e.g., Simon*, 193 F.3d at 850-51 (holding that the jurisdictional amount of damages was not apparent on the face of a petition that alleged non-specific damages and

---

    [4] *See* LA. CODE CIV. PROC. art. 893.

    [5] Defendant attempts to analogize the instant case to other cases where courts awarded damages in excess of $75,000.00. [doc. # 10, p. 5]. The Court, however, is unable to compare the cited cases to the one at bar in light of Plaintiffs' failure to particularize their injury allegations.

unidentified medical expenses); *Saxon v. Thomas*, 2007 WL 1115239 at *2 (W.D. La. April 12, 2007) (holding that the jurisdictional prerequisite was not facially apparent because the "petition ha[d] no description whatsoever of the claimed 'injuries,' 'disability' or medical expenses . . . .").

Therefore, considering only the Petition, the amount in controversy at the time of removal is ambiguous.[6] Consequently, the Court is permitted to review summary judgment-type evidence submitted after removal that relates to the amount in controversy at the time of removal. In this regard, Defendant only presents defense counsel's email to Plaintiffs' counsel and Plaintiffs' counsel's response thereto. [doc. #s 10-3; 10-5]. This unsworn correspondence, however, does not qualify as summary judgment-type evidence. *See* FED. R. CIV. P. 56(c)(4); *Grimes v. Tex. Dep't of Mental Health and Mental Retardation*, 102 F.3d 137, 139 (5th Cir. 1996) ("Needless to say, unsubstantiated assertions are not competent summary judgment evidence."); *Nissho-Iwai Am. Corp. v. Kline*, 845 F.2d 1300, 1306 (5th Cir. 1988) ("It is a settled rule in this circuit that an unsworn affidavit is incompetent to raise a fact issue precluding summary judgment.").[7] Accordingly, Defendant fails to provide evidence sufficient to meet its burden. Of course, should discovery later show that the amount in controversy in fact exceeds $75,000, defendants would be able to remove the case to this court at that time.

---

[6] The Court emphasizes that any ambiguities are construed against removal. *Manguno*, 276 F.3d at 723; *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000) ("[D]oubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction.").

[7] Even if the proffered correspondence qualified as summary judgment-type evidence, it does not establish by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. While Plaintiffs' counsel did write that Plaintiff Alvin Kie was treated at the emergency room, that he visited his primary care physician, that he underwent chiropractic treatment, and that he received "one or two imaging studies," counsel nevertheless concluded, "Mr. Kie's medical bills do not appear to be close to $20,000.00 thus far." [doc. # 10-5, p. 1].

**Conclusion**

For the foregoing reasons, Plaintiffs' Motion to Remand, [doc. # 8], is **GRANTED**. By separate judgment, the case shall be **REMANDED** to the Fifth Judicial District Court for the Parish of Richland, State of Louisiana.

In Chambers, Monroe, Louisiana, this 23rd day of July, 2015.

                                                                                             _____
                                                                                             KAREN L. HAYES
                                                                                             UNITED STATES MAGISTRATE JUDGE